```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**WILLIAM J. BREWER, Jr.,**

    **Plaintiff,**

                                                        Civil Action 2:14-cv-534
    **vs.**                                             Judge Graham
                                                        Magistrate Judge King

**MICHELLE MILLER,** *et al.***,**

    **Defendants.**

### REPORT AND RECOMMENDATION

    Plaintiff William J. Brewer, Jr., an Ohio inmate proceeding without the assistance of counsel, filed this civil rights action on June 5, 2014, alleging denial of access to the courts.  In a letter to the Court filed on December 1, 2014, plaintiff indicated that he had a release date of February 14, 2015.  ECF 11.  Plaintiff has not made any filings since December 1, 2014, and on March 2, 2015, an order mailed to plaintiff at the Belmont Correctional Institution was returned with the notation "Released 2/14/2015."  ECF 15.  Plaintiff has not provided the Court with his current address.  This matter is now before the Court on *Defendants' Motion to Dismiss for Failure to Prosecute* ("*Defendants' Motion*"), ECF 16.  Defendants seek dismissal of this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  Defendants represent that their counsel "has never received a correspondence from, nor been contacted by, Plaintiff" and that "Plaintiff never requested any discovery."  *Defendants' Motion*,


p. 2. Defendants further represent that plaintiff "completed his term of incarceration and was released February 14, 2015." *Id*. Plaintiff has not responded to *Defendants' Motion*.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). In determining whether dismissal under Rule 41(b) is appropriate, this Court must consider the following factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). In the case presently before the Court, consideration of these factors weighs in favor of dismissing this action for failure to prosecute.

Parties have "an affirmative duty" to notify the Court of a change in address. *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994). Plaintiff was apparently released from prison on February 14, 2015, *i.e.*, more than three months ago, and he has failed to provide the Court with his current address. Plaintiff's failure to keep the Court apprised of his current address "demonstrated a lack of prosecution of his action." *Quinn v. Knab*, No. 2:11-CV-268, 2013 WL 3337368, at *1 (S.D. Ohio July 2, 2013) (citing *Walker v. Cognis Oleo Chem., LLC*, No.

2

1:07-CV-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010)). Moreover, the deadlines to complete discovery and file dispositive motions have passed, *Scheduling Order*, ECF 8, and defendants represent that they have "never received a correspondence from, nor been contacted by, Plaintiff." *Defendants' Motion*, p. 2.  Plaintiff has not been warned that failure to update his address could lead to dismissal.  However, mail sent to plaintiff's last known address has been returned as undeliverable, and plaintiff will have the opportunity to object to this *Report and Recommendation*.  Under these circumstances, the Court concludes that this action should be dismissed for failure to prosecute.

It is accordingly **RECOMMENDED** that *Defendants' Motion to Dismiss for Failure to Prosecute*, ECF 16, be **GRANTED**, and that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

3

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 4, 2015                                                *s/Norah McCann King*
                                                      Norah M$^c$Cann King
                                             United States Magistrate Judge